1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10 ADAM GONZALES,

11          Plaintiff,                    No. CIV S-10-0764 GGH P

12     vs.

13 PELICAN BAY STATE PRISON, et al.,

14          Defendants.                   <u>ORDER</u>

15 _____/

16          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant
17 to 42 U.S.C. § 1983.  Plaintiff has not paid the filing fee or filed a request to proceed in forma
18 pauperis.
19          The federal venue statute requires that a civil action, other than one based on
20 diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all
21 defendants reside in the same State, (2) a judicial district in which a substantial part of the events
22 or omissions giving rise to the claim occurred, or a substantial part of property that is the subject
23 of the action is situated, or (3) a judicial district in which any defendant may be found, if there is
24 no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).
25          In this case, the defendant(s) are located and the claim arose in Del Norte County,
26 which is in the Northern District of California.  Therefore, plaintiff's claim should have been

1  filed in the United States District Court for the Northern District of California.  In the interest of
2  justice, a federal court may transfer a complaint filed in the wrong district to the correct district.
3  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
4  Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
5  United States District Court for the Northern District of California.
6  DATED: April 14, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kly
gonz0764.21a